IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER JAMES SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-CV-92-RAH-KFP |
| | ) |
| JACKSON HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding pro se, brings this action against Jackson Hospital, alleging in part that a Jackson Hospital security guard unlawfully denied him entry to the emergency room in October 2019. Upon review of the Complaint under 28 U.S.C. § 1915(e)(2)[1], and for the reasons set forth below, the undersigned RECOMMENDS that this case be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

**I.    THE COMPLAINT**

Plaintiff filed his Complaint in February 2021, purporting to state claims of intentional infliction of emotional distress, false arrest, defamation, a HIPAA violation, and discrimination and harassment based on his race and gender. Doc. 1 at 2. The allegations in support of Plaintiff's claims are presented here in their entirety:

> The act of defamation was committed on [October 4, 2019] by Jackson Hospital security. I was transported to the Jackson Emergency Room by ambulance from the Morgan Library on High Street. I had complaints of

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint proceeding *in forma pauperis* if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief.

severe nausea and back pain among other things. I was given prescriptions to fill. On my way to fill the prescriptions I discovered I didn't have one for nausea which to me was one of my chief complaints. So I returned to Jackson ER where the security guard would not let me go back in to get the prescription. She called the Montgomery Police Department and I was arrested . . . handcuffed and taken to the Montgomery City Jail on charges of 3rd Degree Criminal Trespass. He the white officer . . . looked at my hospital paperwork against my wishes to get my name as ordered by the security guard who later signed a warrant against me.

*Id.* at 1. As relief, he seeks $300 million dollars in damages. *Id.* at 2.

## II.     PLAINTIFF'S LITIGATION HISTORY

Plaintiff is no stranger to this Court, having filed at least twelve other complaints in the Middle District of Alabama. Each of those complaints—except one, in which a recommendation for dismissal is currently pending—were dismissed prior to service as frivolous, for failure to state a claim, or for failure to comply with Court orders directing Plaintiff to amend his pleading. *See* Case No. 2:12-CV-230 (M.D. Ala. 2012); Case No. 2:15-CV-899 (M.D. Ala. 2015); Case No. 2:16-CV-111 (M.D. Ala. 2016); Case No. 2:16-CV-129 (M.D. Ala. 2016); Case No. 2:16-CV-156 (M.D. Ala. 2016); Case No. 2:16-CV-167 (M.D. Ala. 2016); Case No. 2:16-CV-218 (M.D. Ala. 2016); Case No. 2:19-CV-89 (M.D. Ala. 2019); Case No. 2:19-CV-213 (M.D. Ala. 2019); Case No. 2:19-CV-212 (M.D. Ala. 2019); Case No. 2:20-CV-406 (M.D. Ala. 2020); Case No. 2:21-CV-84 (M.D. Ala. 2021). Plaintiff appealed at least two of those dismissals, and both appeals were dismissed for want of prosecution. *See* Case No. 20-11953-B (11th Cir. 2020); Case No. 20-11577-AA (11th Cir. 2020).

When given an opportunity to amend in his past cases, Plaintiff either wholly failed to file an amended pleading or failed to file one that stated a viable claim against any

defendants. For example, in his most recently dismissed 2020 case, Plaintiff filed a complaint very similar to the one currently before the Court, in which he alleged—without factual support—that he was denied entry into a Wal-Mart store location based on his race and gender. The presiding Magistrate Judge initially recommended dismissal of the case without an opportunity to amend, based on the deficient pleading and Plaintiff's "long history in this Court of filing meritless lawsuits." Case No. 2:20-CV-406 (M.D. Ala. 2020), Doc. 8 at 4. However, after Plaintiff objected to the Magistrate Judge's Recommendation, the Court gave Plaintiff an opportunity to amend his pleading to state a claim. *Id.*, Docs. 14, 15. Plaintiff then filed an untimely, three-sentence amended complaint that stated in its entirety:

> The only item to be amended in this complaint . . . is [the amount of damages] requested. Everything else in the original complaint remains the same. The amount of damages for defamation etc. are now requested to be $300 million and there is a precedent.

*Id.*, Doc. 16. The amended complaint was dismissed for failure to state a claim. *Id.*, Docs. 17, 18, 19.

### III. DISCUSSION

Like his many previous pleadings, Plaintiff's single-paragraph Complaint is due to be dismissed for failure to state a single viable legal claim. Additionally, for the reasons discussed below, the undersigned finds that directing Plaintiff to file an amended complaint would be futile.

3

### A. Race and Gender Discrimination and Harassment

As an initial matter, there are no factual allegations whatsoever that suggest Plaintiff was denied entry to the emergency room based on his race or gender. Plaintiff states only the following with respect to these claims: "Civil Rights Act of 1964 and 42 USC. Relief for race and gender discrimination. I was harassed due [to] my race and sex." Doc. 1 at 2. This is merely a legal conclusion couched as a factual allegation, which does not allow the Court to draw a reasonable inference that race- or gender-based discrimination or harassment occurred. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Because the Complaint contains only "labels and conclusions" and "naked assertions devoid of further factual enhancement" with respect to these claims, it fails to state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). Accordingly, these claims are due to be DISMISSED.[2]

---

[2] Additionally, even if the Complaint were not completely devoid of factual allegations related to these claims, the claims would nevertheless fail under both the Civil Rights Act and 42 U.S.C. § 1983. Indeed, to the extent Plaintiff seeks to bring a public accommodation claim under Title II of the Civil Rights Act, he fails to do so—first, because Title II, by its plain terms, does not apply to gender discrimination and second, because Plaintiff seeks only monetary damages, which he cannot recover under Title II. *See Mosseri v. American Red Cross*, No. 6-60192, 2006 WL 8432559, at *3 (S.D. Fla. June 21, 2006) ("Title II [of the Civil Rights Act] does not cover sex discrimination or segregation."); *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under [Title II of the Civil Rights Act], he cannot recover damages."). And, to the extent Plaintiff seeks to bring a claim under § 1983, he also fails to do so, as that statute governs suits solely against state actors. *See Jackson v. Tattnall Cmty. Hosp.*, No. CV606-92, 2007 WL 196846, at *2 (S.D. Ga. Jan. 22, 2007) ("A private hospital is not a state actor and cannot be held liable under § 1983 for the actions of its employees.") (citing *Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992)).

### B. HIPAA Violation

Plaintiff next attempts to assert a HIPAA violation, presumably based on the police officer looking at his hospital paperwork to retrieve his name. However, that claim also fails as a matter of law, as HIPAA does not provide a private right of action. *See Crawford v. City of Tampa*, 397 F. App'x 621, 623 (11th Cir. 2010) ("[N]o private right of action exists under the Health Insurance Portability and Accountability Act."); *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private cause of action . . . or rights that are enforceable through § 1983."). Accordingly, this claim is due to be DISMISSED.

### C. False Arrest

An arrest lacking probable cause violates the Fourth Amendment and can form the basis of a § 1983 claim.[3] *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010). However, as noted above, Plaintiff cannot state a § 1983 claim against the sole named Defendant, Jackson Hospital, because "[a] private hospital is not a state actor and cannot be held liable under § 1983 for the actions of its employees." *Jackson*, 2007 WL 196846, at *2 (citing *Harvey*, 949 F.2d 1127). Additionally, nowhere in the Complaint does Plaintiff allege that the Montgomery police officer who arrested him lacked probable cause to do so; to the contrary, Plaintiff alleges that the hospital security guard called the police officer and "later signed a warrant against [him]." Doc. 1 at 1. Accordingly, this claim is due to be DISMISSED.

---

[3] Plaintiff does not state whether he attempts to bring his false arrest claim under § 1983 or a state statute. However, as will be discussed below, the Court may decline to exercise supplemental jurisdiction over any state law claims in the absence of a viable federal claim.

### D. Remaining State Law Claims

Finally, Plaintiff purports to assert state law claims for intentional infliction of emotional distress and defamation. However, because the undersigned has recommended dismissal of all of Plaintiff's federal claims, it is appropriate for the Court to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367. *See* 28 U.S.C. § 1367(c)(3) (stating that the district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction").[4]

### E. Futility of Amendment

For the reasons discussed above, even after construing the Complaint more liberally than one written by an attorney, as the Court must, the undersigned finds it is subject to dismissal for failure to state a claim on which relief may be granted. *See Barnett v. Lightner*, No. 13-482, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (noting that a court "does not have 'license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action.'") (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Although a pro se litigant should generally be given an opportunity to amend his deficient complaint, the Court need not allow amendment when it would be futile. *Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

---

[4] Additionally, Plaintiff has failed to state factual allegations sufficient to support either of these claims under Alabama law.

In this case, affording Plaintiff an opportunity to comply with basic pleading requirements would be an exercise in futility, as his eleven prior lawsuits filed in this Court have been dismissed at or near their inception as frivolous, for failure to state a claim, or for failure to comply with Court orders directing Plaintiff to amend his pleading. *See Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered."). Indeed, as noted above, Plaintiff was unsuccessful in each of his prior actions despite multiple opportunities to clarify his pleadings. This Court has also repeatedly informed Plaintiff that he must state his claims in a comprehensible manner with appropriate factual support, but the Complaint in this action—which is extremely similar to many of his prior pleadings—fails to heed the Court's notice.[5] Accordingly, under these specific circumstances, the undersigned finds that no constructive purpose would be served by directing Plaintiff to file an amended complaint.[6]

---

[5] Specifically, the Court has notified Plaintiff on multiple occasions that he must provide factual support to state a race or gender discrimination claim; that he cannot state a gender discrimination claim or recover damages under Title II of the Civil Rights Act; that he cannot sue private, non-state actors under § 1983; and that HIPAA does not provide a private right of action. Nevertheless, Plaintiff continues to initiate new actions alleging the same basic claims and with the same pleading deficiencies.

[6] This Recommendation constitutes notice to Plaintiff prior to dismissal, and he may file objections under 28 U.S.C. § 636. Additionally, where a litigant's claims are dismissed without prejudice, any harm that may result from not granting leave to amend prior to such dismissal is mitigated. *See, e.g., Bazrowx v. Scott*, 136 F.3d 1053, 1054–55 (5th Cir. 1998) (affirming dismissal of pro se complaint without prejudice because it failed to state a claim and any error in failing to allow amendment was harmless).

## IV. CONCLUSION

Accordingly, the undersigned RECOMMENDS that this action be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

It is further ORDERED that:

On or before **January 21, 2022**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of January, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE